Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co., &c.

---

CASE 10—AQTION BY CUMBERLAND & OHIO VALLEY R. R. CO. AGAINST THE SHELBYVILLE, BLOOMFIELD & OHIO R. R. CO. AND L. & N. R. R. CO., FOR SPECIFIC PERFORMANCE OF CONTRACT.—DEC. 16.

# Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co. &c.

### APPEAL FROM SPENCER CIRCUIT COURT.

FROM A JUDGMENT DISMISSING THE PETITION THE PLAINTIFF APPEALS. AFFIRMED.

STATUTE OF FRAUDS—CONTRACT OF SALE OF REAL ESTATE—VALIDITY.

Held:  1. An option agreement for the sale of the shares of capital stock by the individual stockholders of a railroad corporation, and a subsequent agreement for the sale of the roadbed, rolling stock, and other property of the corporation, are independent transactions.

2. A parol agreement for the sale by a railroad corporation of its roadbed, rolling stock, and other property, being an agreement for the sale of real estate, is void, within the statute of frauds.

3. A resolution adopted by the directors and stockholders of a railroad corporation declaring their willingness to sell the roadbed, rolling stock, and the other corporate property at a fixed price, and empowering the president of the corporation to consummate the sale, though entered on the records of the corporation, did not constitute a valid contract for the sale of real estate, within the statute of frauds.

GORDON & GORDON, DALLAM, FARNSLEY & MEANS, and W. W. THUM, for appellant.

### POINTS AND AUTHORITIES.

1. The statement shows an existing contract, first in parol, afterwards ratified in writing, the terms of which writing were in themselves sufficient to evidence a contract, and which writings were in the shape of resolutions. A completed deed was drawn in pursuance thereof to be delivered on payment of the purchase money. The statement further shows the failure of certain parties giving an option upon the stock of the Shelbyville road to carry out the option and the substitution therefor of the aforesaid real estate transaction by which the corpus of the property was to be conveyed by the Shelbyville corporation to the plaintiff corporation and ample time given to perfect the details in Philadelphia for the procurement and payment of the money.

2. The evidence in this case shows that the plaintiff is able, ready, and willing to perform; that the failure resulted from the delays of the defendants and that thereafter instead of affording a reasonable time the defendants immediately sold the property to other parties. The evidence further shows the continued ability, willingness and eagerness of the plaintiff to perform; and the surrounding circumstances and the admitted value of the property make it conclusive that the plaintiff was and is and has always been able to produce the money within a reasonable time and that the plan contrived by Booker Reed and Peter Arlund was not "mere wind."

3. There was a contract agreed upon between Reed and Arlund, ratified by the resolutions of the vendor and the vendee, and a deed made in pursuance thereof, and a tender of said deed in writing by the agent of the vendor, and an acceptance of said deed, and tender thereof to the trustee for bonds by the agent of the vendee. The conduct of the parties, the communications passing between them, letters and telegrams, and the surrounding facts, evidence the existence of this contract and not a mere proposal, or authorization to agents.

Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co., &c.

4. The minutes signed by the respective secretaries of the vendor and vendee companies containing the respective reso lutions constitute complete written memoranda of the contract sufficient to take it out of the statute of frauds. Ayers & Co v. Mayor of Albany, 14 Am. L., 297; Winchester & Lexington Turnpike Co. v. Wickliffe's Admr., 100 Ky., 531; Chase v City of Lowell, 7 Gray, 33; Martin v. Chaplin, &c., 79 R. I., 423; Brown on the Statute of Frauds, par., 346; Sterns v. Muscogee, 111 Mich., 72: Bourland v. County of Peoria, 16 Ill., 538; Jones v. Victoria Graving Dock Co., L. R., 2 Ib. Div., 314; Lamkin v. Baldwin & Lamkin Mfg. Co., 44 L. R. A., 786; McManus v. Boston, 171 Mass., 152; Work v. Cowhick, 81 Ill., 317; Central Land Co. v. Johnston, 95 Va., 223; Grimes v. Hamilton Co., 37 Iowa, 290; Johnson v. Trinity Church Soc., 11 Allen (Mass.), 123.

"Several different writings may be read together as constituent parts of the memorandum within the statute of frauds where, when they are viewed together in the light of the situation and circumstances of the parties at the time they were written, they show unmistakably that they relate to the same matter and constitute several parts of one connected transaction, although there is no express reference from one to the other." White v. Breen, 32 L. R. A., 127. See also, Louisville Asphalt Varnish Co. v. Lorick, 2 L. R. A., 212, and full note. Smith v. Theobald, 86 Ky., 141; 8 Am. & Eng. Ency., 172 and 712.

"Where there is more than one signed paper, it is not necessary that each one should refer to all the others or contain any definite reference to other papers. The connection between them may be gathered from their contents, and parol evidence is admissible to identify and explain them." Wilkinson v. Evans, L. R. I. C. P., 407; Buxton v. Rust, L. R., 7 Exch., 279; Allen v. Bennett, 3 Taunt., 169; Roche v. Haummesser (Ind.), 12 No. East. Rep., 345; Learned v. Wannemacher, 9 All., (Mass.), 412; Peck v. Vandemark, 99 N. Y., 29; Peabody v. Speyers, 56 N. Y., 230; Thayer v. Luse, 22 Ohio St., 62.

See also the case of Salmon Falls Mfg. Co. v. Goddard, 14 How., 446.,

See also 8 Am. & Eng. Ency., 717 and copious notes. As to proof of minutes see 2 Cook on Stockholders, sec. 714. See also Hays v. Pittsburg R. R. Co., 38 Pa. St., 81; Fox v. Allensville Turnpike Co., 46 Ind., 31.

As to the only corporate book required see Kentucky Statutes, 546.

**98**    KENTUCKY REPORTS.    [Vol. **117**

Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co., &c.

"Corporations may pass by-laws, elect officers and agents and keep records of their proceedings without affixation of seal." 3 J. J. Mar., 203.

"And while formerly a corporation aggregate could only be bound by its seal, it is otherwise now." 4 Bibb, 18; 1 Marshall, 105; 3 J. J. M., 201; 7 J. J. M., 88; 1 B. M., 14.

5. The memorandum of an agreement sufficient to satisfy the statute of frauds must not be confounded with a writing which constitutes an agreement of itself. The real agreement is never written when a memorandum is necessary. 8 Am. & Eng. Ency., 710, 711, 712.

"The writing may be sufficient, however informal. A letter, a receipt for money, a bill of parcels, or a stated account, in which the vendor of land charges himself with the price, or the return of a sheriff upon an execution, or a vote of a corporation entered on their records, signed by the clerk, or a city ordinance apportioning land and acted upon by defendant, may be sufficient memorandum." Tufts v. Plymouth Gold Mining Co., 14 Allen, (Mass.), 407; Johnson v. Trinity Ch. Soc., 11 Allen, (Mass.), 123; Chase v. City of Lowell, 7 Gray, (Mass.), 33; Grimes v. Hamilton, 37 Iowa, 290; Ayers Co. v. Albany, 55 N. Y., 495; Caldwell v. City of Huntington, 1322 Ind., 92; Hardin v. Champlin, 17 R. I., 423; Kleeman v. Collins, 9 Bush, 461 (a letter to a partner.)

6. Exceptions to incompetent testimony must be definite, must cover all the incompetent testimony, and must have been acted on by the trial court. 5 Mon., 167; 3 Met., 397; 3 Bush, 318; 4 Bush, 655.

In this case the trial court, after stating a principle of the law of evidence, says:

"Exceptions to the testimony therefore, are sustained or overruled as said testimony is made competent or incompetent by the application of said rule or principle thereto." This amounts to no action at all upon the exceptions.

7. Time was not of the essence of the contract. Kercheval v. Swope and Clift, 6 Mon., 365 (Ch. J. Bibb.)

"Kercheval's counsel insists that, in equity, time is not regarded as of the essence of the contract, and relies on circumstances of excuse for his failure to pay the money precisely at the time it was stipulated, and upon part performance. The counsel for defendant has argued that, in this case, time was of the essence of the contract, and that the parties, by their stipulation have made it so; that there is nothing to outweigh the express stipulations of the parties.

"The rule has been often recognized in courts of equity that

Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co., &c.

time is not of the essence of a contract. · Many cases have been
adjudged wherein specific performance was decreed, notwith-
standing the vendor or vendee had failed to perform his part on
the day stipulated.

"A failure of vendor or of purchaser to perform on the day
appointed, does not, of itself, deprive him of his right to have
specific execution at an after day, when he shall be able to com-
ply with his part of the engagement. Where the court can
direct compensation adequate to the breach in point of time, the
object of the parties may be frequently best effected by carry-
ing the agreement into execution. If a bill be brought for spe-
cific performance by a party who has been in default, the court
ought to consider all the circumstances, and pronounce such de-
cree as is best adapted to the circumstances.

· "Examples will be found in Gibson v. Patterson, 1 Atk., 12;
Vernon v. Stevens, 2 Pr. Williams, 66; Langford v. Pitt, 2
Pr. Williams, 629; Stomtore v. Meers, cited in the
last case, 630, and many others stated and referred
to by Newland, and in his Treatise on Contracts, from
230 to 241; 1 Fonb. Eq., 227. And cases also will be found
where time has been adjudged material and specific execution
refused, because the one party or the other has been in default,
or has shown backwardness, negligence of a gross character,
or has trifled, etc., or where the circumstances have, in the
interim, materially changed. Examples of this kind may be
found in Newland on Contracts, chap. 12, pp. 241 to 250;
Sugden Vend., chap. 8, pp. 244 to 259; Benedict v. Lynch, 1
John. Chan. Cases, 370; Pratt v. Carroll, 8 Cran., 471; Brashear
v. Gratz, 6 Wheat., 528.

· "The result of the cases seems to be, that courts of equity will
not indulge either party, at any distance of time to come in,
and ask specific performance, and say he is now ready, though
he was not at the time stipulated in the contract, for carrying it
into execution. But to say, because the plaintiff was not ready
at the very time when the contract, by its terms, ought to have
been performed, he never can have a decree for an execution of
the agreement, would contradict the whole current of author-
ities. Parties may, certainly, render time of greater importance
by express stipulations as to time. But time alone, unconnect-
ed with other circumstances growing out of the failure as to
the stipulated performance, has not been acknowledged of it-
self a conclusive objection to a decree for an execution of the
agreement. . . .

"The rule is acknowledged to be (in the case of Brashear
v. Gratz, 6 Wheat., 533), by the supreme court of the United

**100** KENTUCKY REPORTS. [Vol. 117

Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co., &c.

States, that there can be no doubt that a failure on the part of a purchaser or vendor to perform his contract on the stipulated day, does not, of itself, deprive him of his right to demand a specific performance at a subsequent day, when he shall be able to comply with his part of the engagements. It may be in the power of the court to direct compensation for the breach of contract in point of time, and in such case, the object of the parties is effectuated by carrying it into execution." Fleming v. Kenney, 4 J. J. Mar., 156; Smith v. Cansler, 83 Ky., 374; 2 Story's Eq., sec. 776; Tapp v. Nock, 89 Ky., 414; Seton v. Slade, 7 Ves., 273, et seq., Id., 279, n. 3; Easton v. Lyon, 3 Ves., 696; n. 2; Jackson v. Ligon, 3 Leigh, 187; Tyree, &c. v. Williams, &c., 3 Bibb, 367; Henry v. Graddy, 5 B. Mon., 451; Benedict v. Lynch, 1 Johns. Chy., 379; Kercheval v. Swope, 6 Mon., 265; Cotton v. Ward, 3 Mon., 313; Logan v. Bull, 78 Ky., 617; Hisle v. Witherspoon, 19 Ky. Law Rep., 1013; Cocanougher v. Green, 93 Ky., 522.

8. Time was not of the essence of the contract according to the expressed intention of the parties, and according to the testimony and the circumstances of the case.

9. No tender of the money was necessary.

"In an action by vendee to enforce specific performance of an agreement to convey real estate, the plaintiff need not aver tender of performance if he avers that the defendant had repudiated the contract, and expressly waived tender." Grayson v. Dougherty, 25 Cal., 280 (1864) (Syl.).

"If the vendor, by any act of his, prevents the vendee from performing his part of the agreement, or making it known that he does not intend to perform his covenant except upon compulsion, the vendee is not required to demand a deed from the vendor, or perform his part of the agreement before commencing suit; in such case, a court of equity will award a decree, compelling specific performance within a certain time, provided the vendee shall have, before that time, performed on his part." Hunter, et al. v. Boles, 24 Ind., 303; Deglow's Exr. v. Meyer, &c., 12 Ky. Law Rep., 954; Grayson v. Dougherty, 25 Cal., 280; Davis, &c. v. Howe, 2 Schoals & Lefroy, 341; Bourke v. Brequet, 1 Desaussar, 142; Washburn v. Dewey, 17 Vermont, 92; Deichman v. Deichman, 49 Mo., 107; Work v. Hedy, 13 Ohio St., 306; Hunter v. Darnel, 4 Hare Eq., 420; Cary v. Smith, 2 N. Y., 60; Mattocks v. Young, 66 Maine, 459; Brown v. Eaton, 21 Minn., 311; Fry on Specific Performance, par. 619; Vaupell v. Woodward, 2 Sandf. Cr., 143; Kerr v. Purdy, 50 Barbour, 25; Stevenson, &c. v. Dunlap, 7 T. B. Mon., 142; Turner v. Parry, 27 Ind., 163; Lynch v. Jen-

Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co., &c.

nings, 43 Ind., 276; Marshman v. Mitchell, 117 Ind., 312; Brock
v. Hedy, 13 Ohio St., 306; Westerfield v. Matherson, Hoffman's
Chy. (N. Y.), 37; Pingree v. Coffin, 12 Gray, (Mass.), 288;
Wellborn v. Sechrist, 88 N. C., 287; 22 Am. & Eng. Ency. of
Law (Old Series), pp. 1035, 1036, 1041-2; Fowler v. Lewis,
3 Mar., 466; Craig v. McBride, 9 B. Mon., 11; Ker-
cheval v. Swope, 6 Mon., 368; Jackson v. Long, 1 Mar.,
82; Caldwell v. Moore, 3 Dana, 342; Com. v. Col-
lins, 12 Bush; Tyree v. Williams, 3 Bibb; Mason v. Chambers, 3
Mon., 318; Woodson v. Scott, 1 Dana, 471; Cotton v. Ward,
3 Mon., 313; Maddox v. McQueen, 3 Mar., 402; Logan v. Mc-
Chord, 2 Mar., 226; Hart v. Brand, 1 Mar., 160; Jones v. Shack-
elford, 2 Bibb, 410; Fisher v. McKey, 2 Bibb, 434; Miles v.
Metcalfe, 1 Mar., 478.

10. Defendant's authorities examined. It is not necessary
to the position assumed by the plaintiff in this case to dissent
from the result of the decisions cited on the other side. Plain-
tiff contends that some of them are misapplied and minister-
preted by the defendants, and that they, as a whole, do not
state law applicable to this case.

11. The plaintiff company was legally incorporated. It is not
competent in this case to raise that question as between the
plaintiff and these defendants. Thompson on Corporations, sec.
247; Lake Ontario R. R. Co. v. Mason, 16 N. Y., 451; Spartans-
burg, &c. R. R. Co. v. Ezell, 14 S. C., 281; Atlanta, &c. v.
Gate City Gas Light Co., 71 Ga., 176; Eastern Plank Road Co.
v. Vaughn, 14 N. Y., 546; Kentucky Statutes, 566; Beach on
Private Corporations, secs. 16, 867; Clark on Corporations, p.
86, et seq.; Cook on Stockholders, sec. 637.

12. The remedy. In this equitable action, under the prayer
of the petition and under the facts, the court has the right
either to award specific performance and fix the time at which
the plaintiff must pay the money into court and defendants
deliver the deed to the corpus of the property, or the court
has the right, if it deems it more equitable and just under all
the circumstances of the case, to award compensatory damages
to the plaintiff in place of specific performance of the contract,
or it has the right, if the case be not sufficiently prepared upon
the subject of damages, to direct, upon reversal, the lower
court to take evidence and ascertain the damages suffered. Ky.
Civil Code, section 90; Davis & Campbell v. Gleaves' Heirs,
5 Litt., 142, (Judge Owsley); Bryant v. Everley, 22 Ky. Law
Rep., 346, (1900); Borden v. Curtis, 48 N. J. Eq., 120, 21 Atl.,
472; 22 Am. & Eng. Ency. of Law, 1079; Fisher's Heirs v.

**102** KENTUCKY REPORTS. [Vol. 117

Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co., &c.

Kaye, 2 Bibb, 434; Taylor v. Whiting, 9 Dana; 22 Am. & Eng. Ency. of Law, p. 934.

HELM, BRUCE & HELM, FOR APPELLEES.

### POINTS.

We submit:

(1) That there never was any contract between the Cumberland & Ohio Valley Railroad Company and the Shelbyville, Bloomfield & Ohio Railroad Company.

(2) That in whatever negotiation there were between the parties interested in or connected with these matters, it was contemplated that the property, if taken at all, should be taken and paid for not later than August 15th.

(3) That the Cumberland & Ohio Valley Railroad Company was utterly unable on August 15 to pay the alleged consideration, or any part of it, and has at all times been unable before and since that time to pay any part of this amount; the whole transaction so far as the Cumberland & Ohio Valley Railroad Company and Arlund are concerned, being merely a wild speculation, an effort to make something out of nothing.

(4) That if by any chance the court should conclude that there was a contract, and that the complainant has a right to have it enforced in a court of equity, then this should be upon condition that the increase in value of the property by reason of the permanent improvements which the Louisville & Nashville Railroad Company have put upon it, and which any one would have been compelled to put upon it, should be paid to the Louisville & Nashville Railroad Company, with a lien upon the property to secure the same.

### AUTHORITIES.

1. No contract. 1 Morawetz on Priv. Corp., secs. 512, 513; American Wire Nail Co. v. Gedge, 96 Ky., 513, 520; Jones v. Allen, 88 Ky., 381; Duncan v. Duncan, 93 Ky., 37; Asher v. Brock, 95 Ky., 270; Newberger v. Adams, 92 Ky., 26; Alford v. Wilson, 95 Ky., 506; Freeland v. Chanley, 80 Ind., 132; Steel v. Fife, 48 Iowa, 99; Parker v. Parker, 1 Gray, 409; Callanan v. Chapin, 158 Mass., 113; Johnson v. Brooks, 31 Miss., 17; Wier v. Batdorf, 24 Neb., 83; Cagger v. Lansing, 43 N. Y., 550; Comer v. Baldwin, 16 Minn., 172; Alexander v. De Kermel, 81 Ky., 355.

2. Time. Waterman v. Banks, 144 U. S., 403.

3. Plaintiff's inability.   Pomeroy on Spec. Per., sec. 323; Smith v. Cansler, 83 Ky., 367; Woolums v. Horsley, 93 Ky., 582; Graves v. U. S., 150 U. S., 121; Selma, Rome, &c. R. R. Co. v. U. S., 139 U. S., 567; Pullins v. Pullins, 23 Ky. Law Rep., 333; January v. Martin, 1 Bibb, 586.

4. Improvements by purchaser.   Taylor's Heirs v. Whiting's Heirs, 9 Dana, 399.

L. C. WILLIS, FOR APPELLEES.

### POINTS.

1. The appellee corporation, the S. B. & O. Railroad Company, was not and could not be bound by the verbal statements or agreements of its officers or attorneys.

2. Appellant never had a legal or enforceable contract with the appellee, S. B. & O. Railroad Company.

3. If there was a contract time was an essence of it and the appellant did not comply or offer to comply within the time fixed.

4. Appellant has at no time been able to comply with its contract and is not now able to comply if a decree for a specific performance was entered.

5. The Louisville & Nashville Railroad Company's claim for betterments is just, and if the appellant is to be adjudged this property, the value of the property has been increased by the amount claimed.   The work and material was furnished because, under the law, the Louisville & Nashville Railroad Company was required to do it.

### AUTHORITIES.

Competency of evidence.   American Wire Nail Co. v. Gedge, 96 Ky., 513.

Appellant had no contract, and specific performance.   Ballard's Ky. Law of Real Property, sec. 86; 1 J. J. Marshall, 244; Tiedeman on Real Property, sec. 812; Alexander, &c. v. De Kermel, &c., 81 Ky., 355; Ward v. Small's Admr., 90 Ky., 201; Pomeroy's Equity Jurisprudence, secs. 1405, 1408; Graybill, &c. v. Brugh, 21 L. R. A., 133; Gotthelf v. Stranahan, 20 L. R. A., 455; L. & N. R. R. Co. v. Herd, 14 Law Rep., 670; Jones v. Noble, &c., 3 Bush, 694; Stembridge v. Stembridge, 87 Ky., 91; Woolums v. Horsey, 93 Ky., 283; Counterclaim by L. & N. R. R. Co., Kentucky Statutes, 3728.

Opinion of the court by JUDGE O'REAR—Affirming.

This a suit by the Cumberland & Ohio Valley Railroad Company, a railroad corporation, against. the Shelbyville, Bloomfield & Ohio Railroad Company: and the Louisville & Nashville Railroad Company for the specific performance of an alleged contract of sale, by which plaintiff claims that the Shelbyville, Bloomfield & Ohio Railroad Company undertook to sell it (the Cumberland & Ohio Valley Railroad Company) the railroad running from Shelbyville to Bloomfield, formerly known as the Northern Division of the Cumberland & Ohio Railroad, and later known as the Shelbyville, Bloomfield & Ohio Railroad.     The Louisville & Nashville Railroad Company is made a party defendant because it is now the owner of the property, and plaintiff claims that it purchased same with notice of the existing contract between plaintiff and the Shelbyville, Bloomfield & Ohio Railroad Company.     The above named railroad had recently been purchased at a foreclosure sale by a certain syndicate of its bondholders, of whom P. B. Reed, J. Stone Walker, A. L. Schmidt, and others were     members.     The     purchasers     organized     themselves into the corporation, the Shelbyville, Bloomfield & Ohio Railroad Company, and apportioned to themselves shares of stock in proportion to their respective interests as former bondholders.     Peter Arlund, a promoter and broker, conceived the scheme of selling this property, or combining it, with other properties, into a more extensive and profitable railroad system.     He, with certain associates, organized a corporation called the Southern Finance & Development Company, which they caused to be incorporated under the laws of West Virginia.     This last named corporation took an option upon the capital stock of about all of the stockholders of the Shelbyville, Bloomfield & Ohio Railroad Com-

pany.   The option provided that it was to continue for 30
days from its date, July 1, 1901, but that it might be extend-
ed 15 days longer upon the payment of $500 to P. B. Reed
for the stockholders, but it must be accepted in writing
and signed by the development company within the time
allowed by the contract, "otherwise, it is considered with-
drawn."   It provided for the payment of certain claims
against the railroad company, and for the payment to the
stockholders for their shares of stock at the rate of $600 per
share.   This made the total consideration a little over
$126,000, which was to be paid in cash upon the acceptance
of the option.   Arlund and his associates organized the ap-
pellant, Cumberland & Ohio Valley Railroad Company, with
a view to ultimately taking over the railroad properties un-
der the option named, when it should be accepted.   The
option was never accepted.   Nor did the Southern Finance
& Development Company, or any one else for it, pay or ten-
der to the stockholders of the Shelbyville, Bloomfield & Ohio
Railroad Company, the purchase money, or any of it.   A
few days before the expiration of the option period it was
discovered that at least one of the interests represented by
the option could not be transferred within the time covered
by the option.   At least it was so considered by the parties.
It was then attempted to execute the agreement by an
actual   conveyance   of   the   corporeal   property   (that
is, the railroad and its rolling stock and other properties,
instead of the transfer of the capital stock), the consideration
to be the same as would have been paid for the capital stock;
leaving the purchase price to be distributed among the origin-
al stockholders according to their interests.   This agreement
was in parol.   Arlund's companies had arranged (so he
claims) to raise the purchase money upon mortgage bonds

**106** KENTUCKY REPORTS. [Vol. 117

Cumberland & O. V. R. R. Co. v. Shelbyville, B. & O. R. R. Co., &c.

to be issued upon the property, and to be negotiated in Philadelphia. The stockholders of the Shelbyville, Bloomfield & Ohio Railroad Company, at a called meeting adopted a resolution authorizing and empowering their board of directors to execute a deed to all of the company's property to the appellant railroad company upon the payment of $126,878.67. This resolution was spread upon the records of the company, and signed by the chairman of the meeting and the secretary. Immediately the board of directors of appellee company adopted a resolution authorizing and empowering their president, P. B. Reed, to execute and deliver the deed referred to upon the payment in cash of the consideration named. This resolution was adopted at a meeting of the board of directors at which a quorum was present, and was spread upon the minutes of the board's meetings, signed by the president and secretary. The deed was drawn, signed, and acknowledged by the president and secretary of the grantor corporation, but retained in the possession of its president, and not delivered. It was so prepared that if the purchase price was paid on the 15th day of August, 1901, in Philadelphia, where the representatives of the corporations were to meet, it could be delivered and the transaction closed without delay. The board of directors of appellant, Cumberland & Ohio Valley Railroad Company, by a resolution adopted, authorized the acceptance of the deed mentioned, and empowered its president, Arlund, to negotiate necessary loans to pay the purchase price. Arlund failed in his negotiations. The purchase price was not paid, nor has it ever been tendered.

The question is whether these resolutions altogether satisfy the requirements of the statute of frauds and perjuries, that a contract respecting the sale of real estate, or some memorandum thereof, must be in writing, and signed by the par-

ties to be charged.    The court is of the opinion that the option agreement for the sale of the shares of capital stock by the individual stockholders of the Shelbyville, Bloomfield & Ohio Railroad Company was an entirely independent transaction from the proposal to sell the railroad, so far as the corporation was concerned.    It could have no effect whatever upon the title of the corporation to its property.    The subsequent agreement between the president of the railroad company proposing to buy the property in question (that is, the roadbed, rolling stock, etc.,) and the president of the railroad company proposing to sell it, was a proposition in parol regarding the sale of real estate, and, not being in writing, was not obligatory upon either party.    It was, of course, competent for the parties to have executed it by writing subsequently signed and delivered. It is claimed for the appellant that this was done in the matter of making of the entries upon the records of the respective corporations above referred to, and the signing and acknowledging of the deed by the vendor corporation, but which was retained in the possession of its president until such time as the purchase money should be paid.    To constitute a valid contract for the sale of real estate, it is essential that the parties to it (the vendor and the vendee) should have agreed upon the terms and the property concerned; that this agreement should have been reduced to writing, and should have been signed by the party to be bound thereby; and that the contract so signed should have been delivered.    A resolution adopted on the part of the directory or at a stockholders' meeting of a corporation declaring their willingness to sell the corporate property at a certain figure, and empowering the president to consummate the sale by executing and delivering the necessary deed, will not alone be a contract of sale.    It is so far an unexecuted purpose or intention to sell.

It is no more a contract of sale than would have been a power of attorney executed by the owner to an attorney in fact, clothing him with authority to make a conveyance of the property upon the satisfaction of certain conditions. It was only an investiture of the president of the company with legal authority to make a valid contract of sale, which he otherwise did not have. The parties were left in precisely the same attitude, so far as having contracted with each other was concerned, as they were when the presidents of the two companies had respectively agreed with each other in parol upon the terms. There was no time when the Shelbyville, Bloomfield & Ohio Railroad Company was legally bound to convey its property to the Cumberland & Ohio Valley Railroad Company. All that the parties undertook to do in their effort to close that transaction was voluntary, and fell short of becoming obligatory as a contract, executed or otherwise.

The judgment of the circuit court dismissing appellant's bill for a specific execution of the alleged contract concerning the sale of the property of the appellee corporation, Shelbyville, Bloomfield & Ohio Railroad Company, must be affirmed.